IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| VINCENT ANDERSON CHILDS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-00652-CV-W-BP-SSA |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER AND OPINION AFFIRMING
### COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's decision denying his application for Supplemental Security Income benefits. For the following reasons, the Commissioner's decision is **AFFIRMED**.

### I. BACKGROUND

Plaintiff Vincent Childs was born on October 26, 1964, (R. at 75), and has a GED. (R. at 42.) In 2018, Plaintiff filed an application for Disability Insurance and Supplemental Security Income benefits, initially alleging that he became disabled on January 1, 2009. (R. at 57.) However, Plaintiff later amended his claim to request only Supplemental Security Income benefits and adjusted his alleged onset date to September 27, 2018. (R. at 38.) Plaintiff has spent much of the past decade in prison, during which time he did not have any gainful employment. (R. at 146.)

After holding a hearing, an Administrative Law Judge ("ALJ") found that Plaintiff suffers from the following severe impairments: degenerative disc disease, degenerative joint disease in the right knee and hip, degenerative joint disease and epicondylitis in the right elbow, tobacco use

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of Social Security during the pendency of this case and is automatically substituted as the Defendant pursuant to FED. R. CIV. P. 25(d).

disorder, obesity, and diabetes. (R. at 17.) Additionally, the ALJ found that Plaintiff has a variety of nonsevere impairments, including intermittent abdominal pain, sleep apnea, and several mental disorders. (R. at 17–18.) However, the ALJ found that these problems were not, singly or in combination, equal in severity to one of the listed impairments in 20 C.F.R. Part 404. (R. at 19.)

The ALJ then turned to Plaintiff's Residual Functional Capacity ("RFC"). The ALJ found that Plaintiff can perform medium work with some additional limitations; specifically, he found that Plaintiff can lift and carry 25 pounds frequently and 50 pounds occasionally, sit, stand, or walk six hours per workday, and occasionally climb ramps or stairs, stoop, kneel, push, pull, and reach overhead. (R. at 19.) However, the ALJ found that Plaintiff cannot climb ladders, ropes, or scaffolds, work at unprotected heights, or be around dangerous machinery. (*Id*.)

After setting out the RFC, the ALJ determined that Plaintiff could work at a number of jobs that exist in significant numbers in the national economy despite his limitations—namely, as a binder, laundry worker, or tumbler operator. (R. at 24.) Consequently, the ALJ found that Plaintiff was not disabled as of the alleged onset date. (R. at 25.)

Plaintiff has now appealed the ALJ's determination that he was not disabled, arguing that it was not supported by substantial evidence. The Commissioner opposes Plaintiff's appeal. The Court resolves these issues below, setting out additional facts as needed.

## II. DISCUSSION

The Court has a limited ability to revisit the conclusions of an ALJ. Specifically, "review of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion." *Mitchell v. Shalala*, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Although the substantial evidence standard is

favorable to the Commissioner, it requires the Court to consider evidence that fairly detracts from the Commissioner's decision. *E.g., Byes v. Astrue*, 687 F.3d 913, 915 (8th Cir. 2012). But if the Court finds substantial evidence to support the Commissioner's decision, it cannot reverse the decision simply because there is also substantial evidence that might have supported the opposite outcome. *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015).

Plaintiff disputes two aspects of the ALJ's finding. First, he argues that the ALJ improperly failed to address his allegations of limitations resulting from his disabling headaches. (Doc. 11, p. 9.) Second, he contends that the ALJ failed to adequately support his conclusion that Plaintiff can perform medium work. (*Id*. at p. 13.) The Court addresses each of these arguments in turn.

1. Plaintiff's Headaches

Plaintiff has a long history of degenerative disc disease, which affects multiple areas of his spine, including his head and neck. (R. at 17.) In 2011, Plaintiff underwent a cervical laminectomy and laminoplasty to address this issue, which ameliorated the condition, (R. at 1110); nevertheless, Plaintiff testified at the hearing that, as a result of his degenerative disc disease, he suffers severe headaches two or three times per week and receives shots to block the resulting pain. (R. at 45–46.) The ALJ's RFC addresses the limitations stemming from Plaintiff's degenerative disc disease, but does not specifically discuss any limitations related to headaches. (R. at 19–23.) Plaintiff contends that this was error. (Doc. 11, pp. 9–13.)

The Court disagrees. Initially, it is persuaded by the Commissioner's point that Plaintiff's headaches are a symptom of, and thus inextricable from, the degenerative disc disease affecting his neck—and consequently, that the ALJ's discussion of the effects of that condition encompasses Plaintiff's alleged headaches. (Doc. 16, pp. 11–12.) And indeed, the ALJ discussed Plaintiff's alleged headaches in connection with his neck pain. (R. at 20.)

3

Moreover, the Court finds that substantial evidence supports the ALJ's determination not to include a headache-specific limitation—or indeed, any limitation stemming from Plaintiff's degenerative disc disease in his neck beyond what is provided in the RFC. When an ALJ evaluates a claimant's alleged symptoms, the ALJ must ascertain whether the individual's description is consistent with the medical evidence in the record, along with the individual's daily activities, medication, treatment, and other factors. 20 C.F.R. §§ 404.1529(c)(1)–(3); 416.929(c)(1)–(3).

And here, there was ample evidence in the Record to indicate that Plaintiff's headaches and other neck symptoms were not as disabling as he claimed. In a medical examination from 2018, Plaintiff's neck was found to be supple and non-tender, and his physical functions grossly normal. (R. at 1283.) In an examination from 2019, Plaintiff reported "constant dully, achy, and occasionally sharp pain in his back, neck, and his right hip," (R. at 1497), but the medical examiner observed that Plaintiff's reactions during his examination were "out of proportion" to his actual range of movement, and indicated that Plaintiff may have "exaggerate[ed] [his] pain noted on his exam." (R. at 1501.) During the same examination, Plaintiff proved able to rotate, flex, and move his head as normal. (R. at 1503.) In a separate examination from 2019, Plaintiff reported that his prescription for Celebrex "helps with his pain to some extent," indicating that the problem is at least partially controlled through treatment. (R. at 2193.) Moreover, while in prison, Plaintiff regularly played basketball with other inmates—and on at least one occasion, the game became so "highly charged," and Plaintiff's maneuvers so athletic, that a prison doctor questioned Plaintiff's existing medical restrictions. (R. at 721.) At the hearing, Plaintiff also testified that he receives pain-blocking shots in his neck, which significantly reduce the intensity of his headaches and neck pain. (R. at 45.) Further, Plaintiff received an additional prescription for topiramate in 2019 to further control his migraines. (R. at 1820); *see also Stout v. Shalala*, 988 F.2d 853, 855 (8th Cir.

1993) ("If an impairment can be controlled by treatment or medication, it cannot be considered disabling.").

Taken together, this is substantial evidence that any headaches Plaintiff suffers due to his degenerative disc disease and related neck problems are not disabling, are adequately controlled by treatment, and do not warrant an additional limitation in Plaintiff's RFC. Thus, this argument is not a basis for reversal.

2. <u>Medium Work</u>

In formulating Plaintiff's RFC, the ALJ found that he could perform medium work with some additional limitations. (R. at 19.) In doing so, he found partially persuasive the opinion of Joann Mace, M.D., a state agency medical consultant who evaluated Plaintiff's medical records. (R. at 23.) Dr. Mace, after reviewing Plaintiff's medical records, concluded that he could only work at a "light" exertional level. (R. at 73.) But the ALJ, after reviewing the medical evidence as a whole, found that it supported a higher degree of functionality than Dr. Mace found. (R. at 23.) Specifically, the ALJ reasoned that Plaintiff's daily activities—especially his basketball playing in prison—along with the examiner's suspicion that Plaintiff was exaggerating his symptoms and the relatively conservative treatment Plaintiff support fewer restrictions than Dr. Mace identified. (R. at 23.)

Plaintiff argues that the ALJ erred in deviating from Dr. Mace's opinion, and that the record does not support a finding that Plaintiff can perform medium work. (Doc. 11, pp. 13–20.) The Court disagrees. In addition to Dr. Mace's opinion, the ALJ cited repeated physical examinations which found Plaintiff's functionality grossly normal. (R. at 1283 (Plaintiff's range of motion and strength were normal); R. at 1355 (same); R. at 1795 (same).) In the same vein, the ALJ noted that medical imaging over the course of Plaintiff's treatment has shown that his impairments are

5

not worsening and are generally relatively mild. (*See* R. at 1507–09 (finding "[m]ild" joint degeneration with no "acute abnormalities").) Finally, the Record indicates that Plaintiff's treatment has generally been conservative over the course of his medical problems. For instance, a 2019 examiner noted that Plaintiff had "moderate pain in his neck and [] headaches," but recommended only that Plaintiff partake in "home exercise for his neck pain to recondition neck muscles." (R. at 1821.)

This comprises substantial evidence that Plaintiff can perform up to medium work. Substantial evidence also supports the ALJ's decision to deviate from Dr. Mace's assessment of Plaintiff's limitations. As discussed above, a doctor who conducted a physical examination of Plaintiff found that although Plaintiff does suffer some pain, the degree of pain Plaintiff reported "is a little bit suspicious"; the examiner concluded that Plaintiff "does have a little bit of exaggeration of the level of severity." (R. at 1501.) The ALJ was entitled to rely on suspicions that Plaintiff was exaggerating his symptoms to conclude that Plaintiff's physical limitations were not as great as Dr. Mace suggested. *E.g., Kelley v. Barnhart*, 372 F.3d 958, 961 (8th Cir. 2004) ("[T]he ALJ may consider a claimant's unresponsive or exaggerated responses during medical examination . . ."). The medical evidence discussed above, in conjunction with the ALJ's reasonable skepticism as to the severity of Plaintiff's reported symptoms, justify his determination that Plaintiff can perform medium work.

### III. CONCLUSION

For the foregoing reasons, the Court finds that substantial evidence supports the ALJ's

determination. Consequently, the Commissioner's final decision denying benefits is **AFFIRMED**.

**IT IS SO ORDERED.**

                                               /s/ Beth Phillips
                                               BETH PHILLIPS, CHIEF JUDGE
**DATE**: August 9, 2021                      UNITED STATES DISTRICT COURT